**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

<table>
<tr><td>

BPH PHARMA LLC and DR. HEMANT PATEL,

                Plaintiffs,

     v.

ELYSIUM PHARMACEUTICALS LTD.; YASHWANT PATEL; and JINKAL PATEL,

                Defendants.

</td><td>

Civil Action No. 25-06873 (JXN)(MAH)

<u>**OPINION**</u>

</td></tr>
</table>

<u>**NEALS**</u>, District Judge

Before the Court is Plaintiffs BPH Pharma, LLC ("BPH") and Dr. Hemant Patel's ("Dr. Patel")[1] (collectively, "Plaintiffs") request to withdraw their earlier motion for default judgment against Defendants Elysium Pharmaceuticals Ltd. ("Elysium") and Yashwant Patel ("Yashwant") (collectively, "Defendants")[2] pursuant to Federal Rule of Civil Procedure[3] 55(b). (ECF No. 14.) Also before this Court is Defendants' motion to set aside entry of default pursuant to Rule 55(c). (ECF No. 11.) The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiffs' request to withdraw their default judgment motion and Defendants' motion to set aside entry of default are **GRANTED**.

---

[1] Several individuals relevant to this case share the last name "Patel". To ensure clarity, other individuals with the last name "Patel" will be referred to by their first names only after their initial mention.

[2] While Jinkal Patel ("Jinkal") is the third-named defendant in this case (*see generally* Compl., ECF No. 1), Plaintiffs' motion for default judgment is directed solely at Defendants Elysium and Yashwant (*see* Plas' Mot., ECF No. 10). Accordingly, for purposes of this Opinion, "Defendants" refers only to Elysium and Yashwant, notwithstanding that the allegations in the Complaint are asserted against all three defendants.

[3] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

I.    **BACKGROUND**

A.    **Statement of Facts**

This case arises from an alleged breach of contract. (*See generally* Compl., ECF No. 1.) Dr. Patel, a New York resident, is the principal of BPH, a New York limited liability company doing business in New Jersey.[4] (*See* Compl. ¶¶ 4, 17.) On April 30, 2024, Plaintiffs entered an Investment Agreement ("Agreement") with Elysium, a private limited company based in Gujarat, India, through its principals, Yashwant and Jinkal, both residents of India. (*Id*. ¶¶ 6–8.) Under the Agreement, Elysium would pay BPH $5,355,000 for a 51% ownership interest in non-party Inva Tech Pharma Solutions, LLC ("Inva Tech"), assume Inva Tech's existing financial obligations,[5] and provide working capital for Inva Tech's operations. (*Id*. ¶¶ 8–11.) Plaintiffs allege Defendants failed to repay Inva Tech's financial obligations and provide Inva Tech with working capital for day-to-day expenses as required under the Agreement. (*Id*. ¶¶ 14–16.) Plaintiffs also allege Defendants defaulted on a $550,000 loan they obtained from Dr. Patel through misrepresentation. (*Id.* ¶¶ 17–21.)

B.    **Procedural History**

Plaintiffs initiated this action against Elysium, Yashwant, and Jinkal on June 3, 2025. (*See generally id.*) The Complaint asserts causes of action for breach of contract (Count I); breach of the implied covenant of good faith and fair dealing (Count II); unjust enrichment and quantum meruit (Count III); fraud (Count IV); and piercing the corporate veil (Count V). (*Id.* ¶¶ 22–45.) On June 26, 2025, Plaintiff filed an affidavit of service, indicating that service was completed against

---

[4] BPH's members are all New York residents. (*See* Diversity Disclosure Statement, ECF No. 3.)

[5] Specifically, Elysium, along with Inva Tech, were to be responsible for: "a) $5,500,000 negotiated debt of BPH under the settlement agreement between BPH and Inva Tech; b) $2,100,000 plus unpaid interest owed to Provident Bank; c) $2,000,000 plus unpaid installments of the EIDL loan; d) $1,000,000 approximate unpaid salaries of non-owner employees; and e) $350,000 Citibank loan." (*Id.* at ¶ 12.)

Yashwant and Elysium on June 9, 2025. (Yashwant Aff. of Service, ECF No. 5; Elysium Aff. of Service, ECF No. 6.) A month later, Plaintiffs requested an entry of default against Yashwant and Elysium, which the Clerk entered that day. (Yashwant Req. for Default, ECF No. 7; Elysium Req. for Default, ECF No. 8.)

After the Clerk entered default, Plaintiffs moved for default judgment against Defendants on August 21, 2025. (Pls.' Mot. for Default, ECF No. 10.) In response, Defendants filed a cross-motion to set aside the entry of default on September 2, 2025, claiming (1) Defendants have meritorious defenses, (2) setting aside default would not prejudice Plaintiffs, (3) Defendants did not timely respond because they were not properly served, and (4) Plaintiff's improper service, by itself, warrants setting aside the entry of default. (Defs.' Moving Br. 10–14, ECF No. 11-1.) On September 29, 2025, Plaintiffs requested to withdraw their motion for default (Notice of Withdrawal, ECF No. 14) and filed a brief opposing Defendants' motion to set aside. (Pls.' Opp'n Br., ECF No. 15) Defendants replied to Plaintiff's opposing brief on October 13, 2025. (Defs.' Reply Br., ECF No. 16.) These motions are now fully briefed and ripe for the Court to decide.

## II.     <u>LEGAL STANDARD</u>

Rule 55(c) states that a court "may set aside [i.e., vacate] an entry of default for good cause." The Third Circuit uses a three-factor test "to determine whether 'good cause' exists." *Mycone Dental Supply Co., Inc. v. Generic Mfg. Corp.*, No. 22-5791, 2023 WL 3742827, at *2 (D.N.J. May 31, 2023) (citing *Doe v. Hesketh*, 828 F.3d 159, 174–75 (3d Cir. 2016)). To find "good cause" to set aside an entry of default, a court "must consider (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether the default was the result of the defendant's culpable conduct." *Pooler v. Mrs. Kurbitis Realty, LLC*, No. 14-429, 2015 WL 5897455, at *2 (D.N.J. Oct. 7, 2015) (cleaned up).

"The decision to vacate the entry of default is within the discretion of the court." *Engie Power & Gas LLC v. Adorama N.J.*, No. 24-6480, 2024 WL 4818772, at *1 (D.N.J. Nov. 18, 2024) (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). The standard for setting aside an entry of default is "less stringent than for setting aside a default judgment." *Ne. Neurological Assoc. v. Indep. Care Grp. Plus*, No. 24-8252, 2025 WL 2043760, at *1 (D.N.J. July 21, 2025) (quoting *Mettle v. First Union Nat'l Bank*, 279 F. Supp. 2d 598, 601 (D.N.J. 2003)); *see also Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982) (stating an entry of default may be vacated with "[l]ess substantial grounds" than a judgment of default). The Court resolves doubts "in favor of setting aside the default and reaching a decision on the merits." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983)

## III.    DISCUSSION

The Court begins with Plaintiffs' request to withdraw their motion for default judgment. As the parties all consent to the withdrawal, the Court **grants** the request.

Next, the Court turns to Defendants' motion to vacate default. Defendants argue the Court should set aside the entry of default because (1) Defendants have meritorious defenses; (2) setting aside default would not prejudice Plaintiffs; (3) Defendants were not culpable because Plaintiffs did not effect proper service; and (4) the improper service warrants setting aside the entry of default. (Defs.' Moving Br. at 10–14.) Plaintiffs counter that good cause does not exist to vacate the default because (1) Defendants have no meritorious defenses; (2) setting aside default would prejudice Plaintiffs because they have no other way to pursue their claim; and (3) because service of process was proper, the default was a result of Defendants' culpable conduct. (Pls.' Opp'n at *4–6, ECF No. 15.)

4

### A.    Prejudice to Plaintiffs

Plaintiffs can establish prejudice by showing their "ability to pursue the claim has been hindered" due to "a loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Super 8 Worldwide, Inc. v. Sarwan Invs., LLC*, No. 14-7810, 2016 WL 6398514, at *2 (D.N.J. Oct. 27, 2016) (quoting *Feliciano*, 691 F.2d at 656). Here, however, Plaintiffs have failed to indicate how setting aside the entry would prejudice them. Plaintiffs argue foreign evidence and witnesses will become increasingly difficult to obtain (Pls.' Opp'n Br. at 4), and claim continued delay will leave them "exposed to millions of dollars in unpaid debts." (Pl.'s Default J. Br. at 12–13, ECF 10-2.)

This is unconvincing. The "costs of litigation alone do not create prejudice." *Huertas v. Ameritrade, Inc.*, No. 06-1430, 2008 WL 141106, at *3 (D.N.J. Jan. 11, 2008). Nor does mere delay, even when combined with the costs of litigation, "establish the degree of prejudice" necessary to show good cause. *Feliciano*, 691 F.2d at 656–57.

Moreover, Plaintiffs filed suit less than one year ago. The Clerk entered default on July 9, 2025. Plaintiffs have not alleged how this relatively brief passage of time would result in a loss of evidence. Plaintiffs have not specified how a particular witness or document would be more difficult to obtain now than in July 2025, nor have they indicated why, if obtaining evidence were difficult, they decided to file in New Jersey rather than in India. *See Huertas*, 2008 WL 141106, at *3 (holding that when plaintiff's "concerns about discovery, evidence, and venue" were primarily related to the forum, lifting the default judgment did not constitute prejudice). New Jersey was evidently an acceptable forum when Plaintiffs filed suit here; Plaintiffs have not articulated how it has become unsuitable since then.

Additionally, Inva Tech filed for bankruptcy in February 2025—months before Plaintiffs sued. (Defs.' Moving Br. at 5.) Plaintiffs have not alleged how vacating the default would "expose" them to the debts of Inva Tech—a non-party currently in bankruptcy. Plaintiffs have not alleged that the risk is greater now than when they filed the Complaint.

The Court, accordingly, concludes that setting aside the entry of default does not prejudice Plaintiffs.[6]

### B.       Meritorious Defenses

A defense is meritorious if the defendants' allegations, taken as true, "would constitute a complete defense." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). The Court "need not decide the legal issue at this time; it is sufficient that [Defendants'] proffered defense is not "facially unmeritorious." *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) (quoting *Gross*, 700 F.2d at 123).

Here, Defendants, in their response brief, assert several defenses which, taken as true, are not "facially unmeritorious." First, Defendants argue that Plaintiffs have not performed a condition precedent to the obligations enumerated under the lease: transferring the equity. (Defs.' Moving Br. at 18–21.) Defendants argue their duty to pay Plaintiffs "arises only if and when Elysium receives that amount from [Inva Tech's] profits." (*Id*. at 20.) If true, Defendants never breached the Agreement. *See Blue Sky 1, LLC v. Jaguar Land Rover N. Am., LLC*, No. 16-207, 2016 WL 6803081, at *10 (D.N.J. Nov. 16, 2016) ("[G]enerally, 'no liability can arise on a promise subject to a condition precedent until the condition is met.'" (citation omitted)).

---

[6] Moreover, the size of Plaintiffs' claim favors an adjudication on the merits. *See Wong v. Cortislim Int'l Inc.*, No. 13-4524, 2015 WL 3866225, at *2 (D.N.J. June 23, 2015) (quoting *Tozer*, 189 F.2d at 245 ("Matters involving large sums should not be determined by default judgments if it can reasonably be avoided.")). Plaintiffs' claims exceed ten million dollars, which is a "large sum."

6

Next, Defendants argue Plaintiffs had no actual ownership interest in Inva Tech when the contract was formed. (Defs.' Moving Br. at 16.) Under New Jersey law, Plaintiffs would therefore lack authority to complete a transfer of stock and would be unable to fulfill the terms of the contract. *See Chase Manhattan Bank v. O'Connor*, 82 N.J. Super. 382, 388, 197 (Ch. Div. 1964) ("There can be no dispute that title to a stock certificate and the shares of stock represented thereby may be transferred only by delivery . . . to a specified person by the person appearing by the certificate to be the owner of the shares represented thereby."); *see also Manna v. Pirozzi*, 44 N.J. Super. 227, 235 (App. Div. 1957) (stating that under the New Jersey Stock Transfer Act, "title to a certificate of stock, and the shares represented thereby, may pass Only by Delivery of the certificate.").

Moreover, Defendants claim they are entitled to dismissal under Rule 12(b)(7) because Plaintiffs did not join an "indispensable" party to the litigation under Rule 19. (Defs.' Moving Br. at 21.) The Rules require eligible parties to be joined where "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Defendants argue that Inva Tech is indispensable because it is a party to the contract at issue. And, to be sure, "a contracting party is the paradigm of an indispensable party." *Caribbean Telecommunications Ltd. v. Guyana Tel. & Tel. Co.*, 594 F. Supp. 2d 522, 532 (D.N.J. 2009).[7] If Defendants establish that Inva Tech (1) was a party to the Agreement and (2) qualifies as an indispensable party, they may be able to dismiss under Rule 12(b)(7).[8]

---

[7] The determination as to whether an action against an essential party could proceed under an automatic stay issued under the Federal Bankruptcy Code (11 U.S.C. § 362) is here immaterial. The law only requires a possible complete defense, which is here provided under Rule 12(b)(7).

[8] As discussed above, the Court need not consider whether such a motion would succeed, only that it is not "facially unmeritorious." *Emcasco*, 834 F.2d at 74.

7

Thus, the Court finds Defendants have meritorious defenses to support good cause for setting aside the entry of default.

### C.      Culpability

To establish culpability for default, Plaintiffs must show Defendants acted "willfully or in bad faith," *Feliciano*, 691 F.2d at 657, in a manner "intentionally designed to avoid compliance with court notices," *Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir. 1984), or with "[r]eckless disregard for repeated communications from plaintiffs and the court, combined with the failure to investigate the source of a serious injury." *Id.* Yet culpability requires showing "more than mere negligence." *Id.* "[M]ere failure to respond to a claim despite having notice is generally not culpable conduct." *Malibu Media, LLC v. Waller*, No. 15-3002, 2016 WL 184422, at *4.

At most, Plaintiffs argue that Defendants are culpable because Plaintiffs personally served Yashwant on June 9, 2025, that service was proper, and that Defendants failed to respond. (*See* Pl.'s Opp'n at 6.) What is missing from the record, however, is evidence of willfulness, bad faith, or reckless disregard of repeated communications.

The parties dispute whether Plaintiffs properly served Defendants. Plaintiffs claim a process server attempted to serve Yashwant, but he refused; Defendants claim the process server never did so, and that Defendants only learned of the suit in a June 26, 2025 email. (*Compare* Yashwant Aff. ¶¶ 8–17, ECF No. 11-2, *with* Kishan Patel Cert. ¶¶ 7–11, ECF No. 15-2.) Yet this factual dispute does not show culpable conduct; the Court resolves doubts "in favor of setting aside the default and reaching a decision on the merits." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983). Moreover, after Defendants learned of the default, they sought local counsel in New Jersey. (Yashwant Aff. ¶ 17.) "[A] delay due to a defendant's efforts to retain counsel do not amount to culpable conduct." *Paris v. Pennsauken Sch. Dist.*, No. 12-7355, 2013

8

WL 4047638, at *4 (D.N.J. Aug. 9, 2013). And, Defendants participated in this litigation after retaining counsel following the entry of default. "Nothing in this history establishes the kind of wanton disregard for the proceedings required to show culpable conduct." *Wingate Inns Int'l, Inc. v. P.G.S., LLC*, No. 09-6198, 2011 WL 256327, at *4 (D.N.J. Jan. 26, 2011).

Because vacating the default does not prejudice Plaintiffs, Defendants have meritorious defenses, and Defendants are not culpable for the default, the Court **grants** the motion to vacate the entry of default.

The Court also notes that Defendants offer no evidence that they served Jinkal. Therefore, Plaintiffs shall have thirty (30) days to effect proper service of process on Defendant Jinkal and provide the Court with a status of service of process.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' request to withdraw their motion for default judgment (ECF No. 14) is **GRANTED**; Plaintiffs' motion for default judgment (ECF No. 10) is **ADMINISTRATIVELY TERMINATED**; and Defendants' motion to set aside the entry of default (ECF No. 11) is **GRANTED**. Plaintiffs shall have thirty (30) days to effect proper service of process on Defendant Jinkal and provide the Court with a status of service of process. An appropriate Order accompanies this Opinion.

**DATED: 3/26/2026**

JULIEN XAVIER NEALS
United States District Judge

9